UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYAN NOA PINEDA,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX,<br>Respondent. | No. 1:26-cv-06353-DAD-JDP (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL AS MOOT<br><br>(Doc. Nos. 1, 2 3) |

Petitioner is a post-order of removal immigration detainee proceeding with a *pro se* petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner challenges his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner has also filed a motion to proceed *in forma pauperis* (Doc. No. 2) and a motion for the appointment of counsel. (Doc. No. 3.)

On August 13, 2026, the court set a briefing schedule which construed petitioner's *habeas* petition as also seeking preliminary injunctive relief in the form of a temporary restraining order. (Doc. No. 6.) That order directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (*Id.*) Respondent was further directed to state any opposition it had to the court's stated intention to rule on the underlying petition based on the current briefing before it as

well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*) On August 14, 2026, respondent filed its opposition stating that it does not object to this court ruling on petitioner *habeas* petition based upon the briefing presently before it (Doc. No. 7 at 1), and the court will do so.

Based on the parties' submissions, the court finds the following facts. Petitioner is a native and citizen of Cuba. (Doc. No. 1 at 2.) He entered the United States on or about March 13, 2004 in Miami, Florida, as a Cuban refugee where he encountered immigration officials and was then released. (Doc. No. 7-1 at 2.) In February 2010, an immigration judge ("IJ") ordered petitioner removed from the United States. (*Id.*) After he was ordered removed by the IJ in February 2010, petitioner was held in ICE custody until May 2010. (Doc. No. 1 at 3.) Immigration officials then re-detained petition in March 2026, after he was arrested by local law enforcement for driving without a driver's license and he has been held in immigration detention since then. (*Id.*.)

Petitioner filed two *habeas* petitions in the United States District Court for the Middle District of Florida in 2026 after he was re-detained, both of which were dismissed. *See Pineda v. Warden, Fla. Soft Side S. Det. Ctr.,* No. 2:26-CV-1755-KCD-KRH, 2026 WL 1782097, at *1 (M.D. Fla. June 22, 2026); *see also Noa Pineda v. Warden, Glades Cnty. Detention Ctr.*, No. 2:26-cv-02143-KCD-NPM, Doc. No. 10 (M.D. Fla. Jul. 30, 2026). The U.S. District Court for the Middle District of Florida dismissed petitioner's *habeas* petitions without prejudice concluding that his current immigration detention was less than the presumably reasonable period of six months discussed by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See Pineda*, 2026 WL 1782097, at *1-2.

Respondent argues that considering petitioner's two previous unsuccessful *habeas* petitions in the Middle District of Florida, the *habeas* petition pending before this court constitutes an abuse of the writ. Given that the Middle District of Florida dismissed petitioner's

/////

/////

/////

*habeas* petitions without prejudice, respondent's abuse of the writ argument is wholly unpersuasive.[1]

Respondent makes two main additional arguments. First, it asserts that petitioner's current detention is lawful because the six-month post-order removal immigration detention benchmark announced in *Zadvydas* as a presumptively reasonable period of detention has not yet been crossed. Second, respondent argues 8 U.S.C. § 1231(a)(1(C) permits it to extend the removal period when the petitioner is non-cooperative with his removal from the United States.

It is true that the Supreme Court has held that a six-month period of detention of noncitizens subject to a removal order is presumptively reasonable. *Zadvydas*, 533 U.S. at 701. "After this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* However, "'[t]he burden-shifting framework from *Zadvydas* does not apply[ ] where the petitioner has already been 'issued a final order of removal, detained, and subsequently released on an' [order of supervision]." *Espada v. Doe*, No. 5:25-cv-02983-JWH-KES, 2026 WL 181539, at *5 (C.D. Cal. Jan. 20, 2026) (citation omitted), *report and recommendation adopted*, No. 5:25-cv-02983-JWH-KES, 2026 WL 192150 (C.D. Cal. Jan. 23, 2026); *see also Fataliyeva v. Santacruz*, No. 5:26-cv-00506-DTB, 2026 WL 1206010, at *4 (C.D. Cal. Apr. 28, 2026) ("This means that noncitizens subject to revocation of their order of supervision have already met their burden to show 'good reason to believe that

/////

[1] The statutory bar against successive habeas petitions found in 28 U.S.C. § 2244(b) applies only to habeas petitions filed pursuant to 28 U.S.C. § 2254 and not habeas petitions brought pursuant to 28 U.S.C. § 2241. *See Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000). Nevertheless, the Ninth Circuit has recognized that the common law doctrine of abuse of the writ may serve as a bar to successive habeas petitions filed pursuant to § 2241. *See Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). "Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." *Id.* What respondent fails to recognize is that petitioner's previous *habeas* petitions were dismissed *without prejudice* and he has remained in immigration detention following the dismissal of his prior petitions without prejudice.

there is no significant likelihood of removal in the reasonably foreseeable future.'") (citation omitted).

Here, petitioner has been in his current period of immigration detention for almost six months. However, he was previously in post-order removal immigration detention for approximately three months in 2010. This three-month period of post-final order detention is aggregated with the current period of detention to determine whether petitioner remains within the presumptively reasonable six-month period. *See Nguyen v. Scott*, 796 F.Supp.3d 703, 721-22 (W.D. Wash. 2025) (adding prior periods of detention to current period of detention in order to determine whether the petitioner's current detention remained presumptively reasonable); *Sied v. Nielsen*, No. 17-cv-06785-LB, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018) (explaining that "the six-month period does not reset when the government detains a[ ] [noncitizen] ..., releases him from detention, and then re-detains him again."); *Chen v. Holder*, No. 6:14-cv-2530, 2015 WL 13236635, at *2 (W.D. La. Nov. 20, 2015) (finding that "[s]urely, under the reasoning of *Zadvydas*, a series of releases and re-detentions by the government . . . while technically not in violation of the presumptively reasonable jurisprudential six month removal period, in essence results in an indefinite period of detention, albeit executed in successive six month intervals"); *see also Luong Q.V. v. Warden of the California City Det. Ctr.,* No. 1:26-cv-04623-MWJS, 2026 WL 1837411, at *2 (E.D. Cal. June 25, 2026) ("On these facts, the earlier period of post-removal-order custody must be counted together with the present one. The *Zadvydas* clock measures the reasonableness of detention under a final order of removal; the government cannot reset that clock to zero, and thereby renew the full six-month presumption, simply by releasing a noncitizen on supervision and later re-detaining him on the very same order."). Here, petitioner's aggregate post-final order detention is now approximately eight months in length, which is not presumptively reasonable. *See Zadvydas*, 533 U.S. at 701.

Given the over 15 years on release spent by petitioner between when the IJ ordered his removal and his re-detention, there is not a significant likelihood that petitioner will not be removed in the reasonably foreseeable future. *See Gutnik v. Bondi*, No. 5:26-cv-00908-WLH-ACCV, 2026 WL 700546, at *2 n.1 (C.D. Cal. Mar. 5, 2026) ("Because Petitioner was released

over 17 years ago, the government likely determined that there was no significant likelihood that Petitioner would be removed in the reasonable future[.]") It is worth noting that respondent argues in part that petitioner has failed to meet his burden because he has not complied with respondent's efforts to remove petitioner to the third country of Mexico. (Doc. No. 6 at 2–3.) The Ninth Circuit has held that where a noncitizen "refuses to cooperate fully and honestly with officials to secure travel documents from a foreign government, the [noncitizen cannot meet his or her burden to show there is no significant likelihood of removal in the reasonably foreseeable future" in light of the statutory authority located at 8 U.S.C. § 1231(a)(1)(C). *See Lema v. I.N.S.*, 341 F.3d 853, 856 (9th Cir. 2003). That statutory section permits tolling of the 90-day removal period if the noncitizen fails to "make timely application in good faith for travel or other documents necessary . . . to prevent the [noncitizen]'s removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

Petitioner was ordered removed to Cuba. (Doc. No. 1 at 1 at 2.) Notably, no evidence has been presented that petitioner was ever *ordered* removed to Mexico. Accordingly, the court incorporates and adopts its reasoning set forth in *Obando Vargas v. Blanche*, No. 1:26-cv-05343-DAD-AC (HC), 2026 WL 2056618 (E.D. Cal. July 16, 2026), where the court explained that respondents' argument that it may extend petitioner's detention to effect removal because he has declined to cooperate with his removal to a third-country to which he has not been ordered removed is frivolous.[2]

For these reasons:

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
2. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

/////

---

[2] Respondent submitts a form indicating its *intent* to remove petitioner to Mexico. (Doc. No. 7-1 at 17.) Other than this statement that the government *intends* to remove petitioner to Mexico, there is nothing before this court indicating that such removal will occur in the reasonably foreseeable future or that petitioner was *ordered* removed to Mexico. Indeed, the government has now had over 15 years since petitioner was ordered removed by the IJ to no avail.

a. Respondent is ORDERED to immediately release petitioner Dayan Noa Pineda, A-File No. 097-179-508, from respondent's custody on the conditions, if any, he was subject to prior to his re-detention on or about March 10, 2026;

b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

3. Petitioner's motion for the appointment of counsel (Doc. No. 3) and request for preliminary injunctive relief as so construed are DENIED as moot in light of this order granting petitioner's *habeas* petition;

4. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **August 19, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE